UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Shenzhen Kangmingcheng Technology Co., Ltd., )<br>    Plaintiff, )<br>) <br>v. )<br>) <br>PDD Holdings Inc., WhaleCo, Inc., Romantic Room Y, Skyday, Narcissus, Sunangmas, KOWSi, and RONGCHENG, )<br>) <br>    Defendants. ) | No. 1:23-CV-02697<br><br>Judge Edmond E. Chang |

**MEMORANDUM OPINION AND ORDER**

Shenzhen Kangmingcheng Technology Co. brings Lanham Act and Illinois state law claims for alleged trademark infringement against sellers Romantic Room Y, Skyday, Narcissus, Sunangmas, KOWSi, and RONGCHENG, and online retail platforms PDD Holdings Inc. (which operates the Pinduoduo brand) and WhaleCo, Inc. (commonly known and referred to by the parties as Temu). R 33, Am. Compl.[1] Temu moves to dismiss all claims against it for failure to state a claim under Civil Rule 12(b)(6). R. 38, Def.'s Mot. The motion is granted, and the claims against Temu are dismissed without prejudice.

**I. Background**

In evaluating the motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number. This Court has subject matter jurisdiction over the federal claims under 28 U.S.C. § 1331 and supplemental jurisdiction over the state claims under 28 U.S.C. § 1367.

(2007). Shenzhen owns the mark "Hicober," which is registered with the United States Patent and Trademark Office. Am. Compl. ¶¶ 15–17. Shenzhen sells hair-drying towels with the Hicober mark on Amazon. *Id.* ¶ 19. The Hicober hair-drying towel is ranked first on Amazon's best seller list and is designated as Amazon's choice in the category. *Id.* ¶ 21. The towel has over 18,000 customer reviews and a 4.7 out of 5-star rating on Amazon. *Id.* ¶ 20.

Temu is an online retail platform that connects buyers with sellers. Am. Compl. ¶ 6. According to Shenzhen, the vendors Romantic Room Y, Sunangmas, KOWSi, SkyDay, Narcissus, and RONGCHENG list counterfeit Hicober goods on Temu's website. *Id.* ¶¶ 27–32. Shenzhen alleges that these Defendants use Shenzhen's marketing images from Amazon on Temu without Shenzhen's permission, and that the images bear the Hicober mark. *Id.* ¶¶ 27–32. The products that these Defendants sell on Temu using the Hicober mark are allegedly counterfeit goods of different quality than Shenzhen's products. *Id.* ¶ 40. Shenzhen also alleges that these Defendants sell counterfeit Hicober goods for a significantly lower price on Temu than Shenzhen sells them for on Amazon. *Id.* ¶ 38. This damages Shenzhen's business because Amazon requires Shenzhen to competitively price its products to be featured by Amazon, which in part determines Shenzhen's sales. *Id.* ¶ 37.

Shenzhen claims that both the sellers listing the goods on Temu and Temu itself are violating its Hicober mark by promoting, advertising, selling, offering for sale, and distributing goods with the mark. Am. Compl. ¶ 2. Shenzhen asserts trademark counterfeiting and infringement, false designation of origin, and trademark

2

dilution claims under the federal Lanham Act against all of the Defendants. 15 U.S.C. §§ 1114, 1125(a), 1125(c); Am. Compl. ¶¶ 55–75. Shenzhen also brings claims against all of the Defendants under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, and Illinois common law for unfair competition. Am. Compl. ¶¶ 76–94. Lastly, Shenzhen asserts contributory trademark infringement claims against PDD Holdings and Temu. *Id.* ¶¶ 95–101.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).[2] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

---

[2]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

### III. Analysis

#### A. Direct Liability

Temu moves to dismiss all three of Shenzhen's direct liability Lanham Act claims because Shenzhen has not adequately pled that *Temu*—separate from the specific online sellers—used the Hicober mark in commerce. R. 39, Def.'s Br. at 5–8. The Lanham Act requires that a mark be "use[d] in commerce" for trademark counterfeiting and infringement, false designation of origin, and trademark dilution claims. 15 U.S.C. §§ 1114, 1125(a), 1125(c). The Act defines "use in commerce" broadly. But by referring to qualifying conduct with verbs like "use" and "placed," the Act does require (not surprisingly) active conduct:

> The term "use in commerce" means the bona fide *use* of a mark in the ordinary course of trade, and not made merely to reserve a right in a mark. For purposes of this chapter, a mark shall be deemed to be in use in commerce—
>
> (1) on goods when—
>
>> (A) it is *placed* in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto, or if the nature of the goods makes such placement impracticable, then on documents associated with the goods or their sale, and
>>
>> (B) the goods are sold or transported in commerce ….

15 U.S.C. § 1127 (emphases added); *see Slep-Tone Ent. Corp. v. Coyne*, 41 F. Supp. 3d 707, 713 (N.D. Ill. 2014) (citing *Steele v. Bulova Watch Co.*, 344 U.S. 280, 286 (1952)).

4

Citing precedent from outside of this circuit, Temu argues that Shenzhen has not adequately alleged Temu's use of the Hicober mark in commerce because Temu is merely a platform that is not involved in the allegedly infringing activity of the third-party sellers using its platform. Defs.' Br. at 6–8. Shenzhen relies on the same out-of-circuit cases in response. R. 44, Pl.'s Resp. at 3–6. In *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93 (2d Cir. 2010), the Second Circuit held that eBay was not liable for direct infringement of Tiffany's trademark. *Id.* at 103. The court reasoned that for "genuine Tiffany goods offered for sale on its website," eBay did not violate Tiffany's trademark because "a defendant may lawfully use a plaintiff's trademark where doing so is necessary to describe the plaintiff's product and does not imply a false affiliation or endorsement by the plaintiff of the defendant." *Id.* at 102–03. And for counterfeit goods, the Second Circuit held that it was unreasonable to require eBay to "guarantee the genuineness of all of the purported Tiffany products offered on its website." *Id.* at 103. This was true "especially inasmuch as it is undisputed that eBay promptly removed all listings that Tiffany challenged as counterfeit and took affirmative steps to identify and remove illegitimate Tiffany goods." *Id.* So an online retailer's direct liability for its sellers' actions may depend on its involvement with the sales on its website. *Id.*; *see Ohio State Univ. v. Redbubble, Inc.*, 989 F.3d 435, 446 (6th Cir. 2021) (cleaned up) ("[O]nline marketplaces like eBay and Amazon, that facilitate sales for independent vendors generally escape Lanham Act liability. … Conversely, parties who design and print trademark-infringing goods typically violate the Lanham Act."); *Y.Y.G.M. SA v. Redbubble, Inc.*, 75 F.4th 995, 1001 (9th Cir. 2023);

5

*Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144, 154–55 (4th Cir. 2012); *Swarovski Aktiengesellschaft v. Bldg. No. 19, Inc.*, 704 F.3d 44, 49–50 (1st Cir. 2013).

As these cases make clear, circuit courts have taken differing approaches (and some have not decided at all) whether to adopt a so-called nominative fair use doctrine in this context, and if so whether it is an affirmative defense to trademark infringement claims. *See, e.g.*, *Swarovski Aktiengesellschaft*, 704 F.3d at 49–50 (1st Cir. 2013) (collecting cases). The parties do not cite, and the Court is not aware of, any Seventh Circuit precedent either on the nominative fair use doctrine or trademark infringement claims against an online retailer involving third-party sellers. *See Slep-Tone Ent. Corp.*, 41 F. Supp. 3d at 717–18. Ultimately, the Court need not reach any of these questions at the pleading stage, but instead lays out the possible spectrum of liability to evaluate whether Shenzhen has alleged enough facts about Temu in its Amended Complaint.

Most of the Amended Complaint focuses on the activities of the *sellers* listing goods on the Temu website. *See* Am. Compl. But the following specific allegations apply to Temu: "On information and belief, Temu is responsible for the unauthorized pricing, selling, marketing, importation, distribution, and transportation in interstate commerce of goods, including towels, using Hicober Mark." Am. Compl. ¶ 34. Also, "[u]pon information and belief, Temu engaged in the price, sale, importation, distribution, and transportation of Counterfeit Goods, with knowledge that they were in connection with the Hicober Mark or willfully ignored this fact." *Id.* ¶ 35. Lastly, quoting an attached exhibit: "On information and belief, 'Temu currently adopts a

6

self-operated model. The Temu sellers are only responsible for the supply and delivery to Temu's warehouse, and the rest of the pricing, selling, marketing, logistics and distribution, and after-sales are all taken care of by Temu itself. In order to sell on Temu, the sellers almost gave up the pricing power of the product.'" *Id.* ¶ 8 (quoting R. 33-1, Am. Compl., Exh. 1). But in apparent contradiction to this allegation, the Amended Complaint also states that "Defendants Romantic Room Y, SkyDay, Narcissus, Sunangmas, KOWSi, and RONGCHENG priced the same kind of towels retail for as low[] as $1.78 [on Temu], which is lower than 10% of Plaintiff's price for the Hair Drying Towels [on Amazon]." *Id.* ¶ 38.

At the pleading stage, Shenzhen's allegations do not state a plausible direct liability Lanham Act claim against Temu. *See Iqbal*, 556 U.S. at 678. The paragraphs that Shenzhen points to in arguing against dismissal are mere conclusory statements that do not contain any concrete facts about Temu. Am. Compl. ¶¶ 34–35; Pl.'s Resp. at 4, 6–7; *see Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do."). The paragraphs that do set forth concrete facts about Temu offer contradictory statements about Temu's role in the sale of the goods. *Id.* ¶¶ 8, 38.[3] And the attached exhibit—an online article from sourcinbox.com with no named author—goes no further because it lacks any details about specific products sold on Temu, let alone the goods bearing the Hicober mark at issue in this case. *See* Am. Compl., Exh. 1. So although the Court may consider the exhibit, the exhibit does

---

[3] That all of these allegations are made on information and belief is not fatal at the pleading stage. But it is not a get-out-of-Rule-11-card either, and a complaint's allegations must be premised on a reasonable basis in law and fact.

7

not on its own overcome the deficiencies of the Amended Complaint. *See Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir. 1988) (explaining that exhibits attached to complaints should be considered as part of the pleadings for Rule 12(b) motions).[4] Because the Amended Complaint fails to state a plausible claim that Temu used the Hicober mark in commerce, Temu's motion to dismiss the Lanham Act claims is granted. *See MaiBo v. WhaleCo, Inc.*, 2024 WL 1859730, at *2 (N.D. Ill. Apr. 29, 2024). The claims against Temu are dismissed without prejudice.[5]

## B. Contributory Liability

"[I]f a manufacturer or distributor intentionally induces another to infringe a trademark, or if it continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement, the manufacturer or distributor is contributori[]ly responsible for any harm done as a result of the deceit." *Inwood Lab'ys., Inc. v. Ives Lab'ys, Inc.*, 456 U.S. 844, 854 (1982). As the Court already explained in the context of the direct liability claim, the Amended Complaint is lacking any concrete facts about Temu's role in the other Defendants' sale of the allegedly infringing goods. There are no allegations about Temu's inducement of the other Defendants' acts or its knowledge of the trademark infringement, beyond the conclusory statements quoted above. *See* Am. Compl. ¶¶ 34–35.

---

[4]Despite Shenzhen's arguments to the contrary, Li Xiaozhou's declaration attached to Shenzhen's response brief does not overcome these deficiencies and is addressed in the context of the contributory liability claim. *See* R. 44, Pl.'s Resp. at 5.

[5]The Amended Complaint was filed to identify the Defendants named Does 1 through 10 in the originally filed complaint. *See* R. 1, Compl.

8

Shenzhen defends its contributory liability claim with Li Xiaozhou's declaration, which is attached to Shenzhen's response brief. Pl.'s Resp. at 6–7; R. 44-1, Xiaozhou Decl. Xiaozhou declares that Temu "will purchase all your products and sell the products by itself on the platform" and that "Temu's managers have advised me, a Temu seller, to copy the best-selling products on Amazon or the other platforms and sell the same products on Temu." Xiaozhou Decl. ¶¶ 4–5. But Xiaozhou's declaration does not say anything about the parties *in this case*, or products with the Hicober mark. And the heavily caveated statement that "[b]*ased on the information I have*, Temu *tends to suggest* this approach to almost all sellers" is not enough on its own to state any specific allegations in this case. *Id.* ¶ 6 (emphases added). Moreover, these allegations are not consistent with the Amended Complaint, so they should not be considered in evaluating the motion to dismiss. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012); *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993). Shenzhen's claim for contributory liability against Temu is dismissed without prejudice.

### C. State Law Claims

Temu moves to dismiss the Illinois state law claims for the same reasons as the Lanham Act claims. Def.'s Br. at 11–12. Temu also argues that the state law claims fail because the Amended Complaint does not adequately allege that Temu's activity occurred substantially and primarily in Illinois. *Id.* at 10–11. Shenzhen agrees that its Illinois claims "rise or fall based on the Lanham Act claim." Pl.'s Resp. at 9 (quoting *Dynamic Fluid Control (PTY) Ltd. v. Int'l Valve Mfg., LLC*, 790 F. Supp.

9

2d 732, 739 (N.D. Ill. 2011)). Given that, as this Opinion explained earlier, Shenzhen has not stated (at least so far) any Lanham Act claims against Temu, the Court need not decide the state law claims because supplemental jurisdiction would be relinquished if no federal law claims survive. So the Court need not reach the question of whether Shenzhen adequately alleged that the claims occurred primarily and substantially in Illinois. *If* Shenzhen files a second amended complaint, and *if* those claims are adequately stated, then the Court would consider the state law claims. For now, the state law claims are dismissed without prejudice as well.

## IV. Conclusion

Temu's motion is granted, and all of the claims against Temu (as explained above, the party named as WhaleCo, Inc. in the Amended Complaint) are dismissed without prejudice. The second amended complaint is due (if filed at all) on or before January 15, 2025. If no second amended complaint is filed, then the dismissal of the federal law claims as to Temu will automatically convert to a dismissal with prejudice, and supplemental jurisdiction over the state law claims as to Temu will be relinquished. The status hearing of February 14, 2025 (to track the case), remains in place.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: December 23, 2024

10