# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN DISTRICT OF ILLINOIS

Shenzhen Kangmingcheng Technology Co., Ltd ,

Plaintiff(s),

v.

WhaleCo, Inc. et al,

Defendant(s).

Case No. 23 C 2697
Judge Edmond E. Chang

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐ in favor of plaintiff(s)
and against defendant(s)
in the amount of $           ,

which ☐ includes         pre–judgment interest.
☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

☐ in favor of defendant(s)
and against plaintiff(s)

Defendant(s) shall recover costs from plaintiff(s).

☒ other: Judgment entered in favor of the Plaintiffs Shenzhen Kangmingcheng Technology Co., Ltd and against Defendants KOWS and RONGCHENG in the amount of $35,000 (thirty-five thousand dollars). Permanent injunction entered.

This action was *(check one)*:

☐ tried by a jury with Judge         presiding, and the jury has rendered a verdict.
☐ tried by Judge         without a jury and the above decision was reached.
☒ decided by Judge Edmond E. Chang on a motion for default judgment.

Date: 4/10/2025

Thomas G. Bruton, Clerk of Court

/s/ Michael Wing, Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Shenzhen Kangmingcheng Technology Co., Ltd., <br><br> *Plaintiff*, <br><br> v. <br><br> WhaleCo, Inc., a Delaware corporation, Romantic Room Y, and Does 1 through 10, inclusive <br><br> *Defendants*. | **CASE NO.** 23-cv-02697 <br><br> **Judge**: Honorable Edmond E. Chang <br><br> **Magistrate Judge**: Honorable Sunil R. Harjani |

**DEFAULT JUDGMENT ORDER**

THIS CAUSE is before the Court upon Plaintiff's Motion for Entry of Final Default judgment Against Defendants, KOWS and RONGCHENG (collectively as "Defendants"). The Court granted the Motion in an Order. Pursuant to Federal Rule of Civil Procedure 58(a), the Court enters this separate final judgment.

The Court finds Plaintiff has properly completed service of process on Defendants, via E-mail, along with any notice that Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and affording them the opportunity to answer and present its objections; and

Defendants having failed to answer the Complaint or otherwise plead, and the time for answering the Amended Complaint having expired;

THIS COURT HEREBY FINDS, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants since Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States

1

customers through Temu platform, and have offered for sale and/or sold unauthorized and unlicensed products using counterfeit versions of Plaintiff's U.S. Trademark Reg. No. 6,689,663. (the "Hicober Mark") to consumers within the U.S., including the State of Illinois.

THIS COURT FURTHER FINDS that Defendants are liable for trademark infringement and counterfeiting, false designation of origin and under the Illinois Uniform Deceptive Trade Practices Act.

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that Defendants are deemed in default and that this Final Judgment is entered against Defendants.

ACCORDINGLY, IT IS ORDERED that:

1. Permanent Injunctive Relief

Defendants and their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be permanently enjoined and restrained from:

   a. manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any counterfeit and infringing goods bearing and/or using Plaintiff's Hicober Mark, or any confusingly similar trademarks; and

   b. using the Plaintiff's Marks in connection with the sale of any unauthorized goods;

   c. using any logo, and/or layout which may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff;

   d. falsely representing themselves as being connected with Plaintiff, through sponsorship or association;

e. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants are in any way endorsed by, approved by, and/or associated with Plaintiff;

f. using any reproduction, counterfeit, copy, or colorable imitation of the Plaintiff's Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants;

g. affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by Defendants as being those of Plaintiff or in any way endorsed by Plaintiff;

h. otherwise unfairly competing with Plaintiff;

i. using the Hicober Mark, or any confusingly similar trademarks, within domain name extensions or on e-commerce marketplace websites, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and from any other form of use of such terms which is visible to a computer user or serves to direct computer searches to Internet based ecommerce stores, websites, or businesses registered by, owned, or operated by Defendants, including the Internet based e-commerce stores and commercial Internet websites; and

j. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

2. Plaintiff's statutory damages pursuant to 15 U.S.C.§1117(c) are determined to be thirty-five thousand dollars ($35,000) against each Defendant. This statutory award is appropriate to balance the goals of deterrence and providing some measure of compensation without crossing the line into over-deterrence and punishment. On the one hand, the infringing goods are very, very modestly priced. R. 81-1 at 2 ($1.78); R. 81-2 at 2 ($2.15). But for Defendant KOWS, there are a significant number of sales (as listed on the online-seller sites) and a significant number of reviews for the goods, suggesting a substantial sales volume. R. 81-1 at 2 (4,800+ sold and 208 reviews). The other defendant, RONGHCENG, does not report the number of the goods sold, but does report that the site overall has made 212,000+ sales. R. 81-2 at 2. On balance, the statutory award appropriately takes into account all of the pertinent goals of statutory damages.

3. All funds currently restrained or held on account for Defendants by all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including, but not limited to, Temu, and their related companies and affiliates, are to be immediately (within 5 business days) transferred by the previously referred to financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms and by Defendants, to Plaintiff and/or Plaintiff's counsel up to the amount of (and in satisfaction of) the monetary judgment entered herein against each Defendants. All financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Temu and PayPal shall provide to Plaintiff at the time the funds are released, a breakdown reflecting the (i) total funds restrained in this matter per Defendant; (ii) total chargebacks, refunds, and/or transaction reversals deducted from each Defendant's funds restrained prior to release; and (iii) total funds released per Defendant to Plaintiff.

4. The Court retains jurisdiction to enforce this Judgment and permanent injunction.

4

**SO ORDERED.**

Dated: April 10, 2025

Edmond E. Chang
United States District Judge